IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 5:19-CV-176 (MTT) ) |
| THE WOMEN'S HEALTH INSTITUTE OF MACON, PC, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Plaintiff Branch Banking and Trust Co. has moved for default judgment against Defendants The Women's Health Institute of Macon, P.C.; ELO Outpatient Surgery Center, LLC; Haremu Holdings, LLC; and Anayo Umerah, M.D., P.C. ("Corporate Defendants") after the Clerk entered default against them. Docs. 13; 14. On May 8, 2019, BB&T filed suit alleging that Defendants Nnaemeka Umerah, Anayo Umerah, and Stella Umerah ("Individual Defendants") and Corporate Defendants are jointly and severally liable for the unpaid principal balance due on a promissory note with a principal of more than $75,000.[1] Doc. 1. Between May 28 and May 30, all Defendants were served. Docs. 4-1; 4-2; 4-3; 4-4. In July, the Individual Defendants filed suggestions of bankruptcy, and the Court stayed the case as to the Individual Defendants only, leaving Corporate Defendants fully responsible for the promissory

---

[1] BB&T's complaint states that it complied with the notice requirements of O.C.G.A. § 13-1-11. Doc. 1 ¶¶ 42, 45.

note.  Docs. 1 ¶ 39; 6; 7; 10.  The Corporate Defendants have not yet answered the complaint.

While the factual allegations in the complaint—deemed admitted by Corporate Defendants by their failure to answer—may establish BB&T has a right to recover amounts due pursuant to the promissory note, it is not yet clear whether default judgment can be entered against them.  See *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) (holding that the default of one defendant cannot be entered before determining the liability of the non-defaulting defendant because the inconsistency of two different judgments against joint defendants would be illogical); *see also*, *e.g.*, *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (extending *Frow* to cases where "defendants are similarly situated, but not jointly liable"); *Branch Banking & Trust Co. v. Poplar Dev. Co., LLC*, 2013 WL 2367963, at *1 (M.D. Ga. May 29, 2013) (citations omitted); *Bank of the Ozarks v. Arco Cmty. Outreach Coal., Inc.*, 2013 WL 164421, at *2 (S.D. Ga. Jan. 15, 2013) (citations omitted).

BB&T alleges that both Corporate and Individual Defendants are "jointly and severally" liable for the amounts due on the promissory note.  Doc. 1 ¶¶ 46, 47.  Although Corporate Defendants are in default, Individual Defendants are not.  *See* Docs. 6; 7; 10.  Accordingly, the Court **ORDERS** BB&T to file supplemental briefing regarding whether it should grant its motion for default judgment against Corporate Defendants (Doc. 14) in light of *Frow v. De La Vega*, 82 U.S. 552 (1872).

**SO ORDERED**, this 8th day of January, 2020.

                                                S/ Marc T. Treadwell
                                                MARC T. TREADWELL, JUDGE
                                                UNITED STATES DISTRICT COURT