# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 5:19-CV-176 (MTT) ) |
| THE WOMEN'S HEALTH INSTITUTE OF MACON, PC, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

## ORDER

Plaintiff Branch Banking and Trust Co. has moved to dismiss without prejudice Defendants Anayo Umerah, Nnaemeka Umerah, and Stella Umerah ("Individual Defendants") and has moved for default judgment against Defendants The Women's Health Institute of Macon, P.C.; ELO Outpatient Surgery Center, LLC; Haremu Holdings, LLC; and Anayo Umerah, M.D., P.C. ("Corporate Defendants"). Docs. 13; 14; 16. For the following reasons, those motions (Docs. 14; 16) are **GRANTED**.

## I. BACKGROUND

On May 8, 2019, BB&T filed suit alleging that Individual and Corporate Defendants are jointly and severally liable for the unpaid principal balance due on a promissory note with a principal of more than $75,000.[1] Doc. 1. Between May 28 and May 30, all Defendants were served. Docs. 4-1; 4-2; 4-3; 4-4. In July, Individual Defendants filed suggestions of bankruptcy, and the Court stayed the case as to

---

[1] BB&T's complaint states that it complied with the notice requirements of O.C.G.A. § 13-1-11 by filing a demand letter. Doc. 1 ¶¶ 42, 45. Furthermore, a notice requirement is met simply by filing a complaint. *Long v. Hogan*, 289 Ga. App. 347, 347, 656 S.E.2d 868, 869 (2008).

Individual Defendants only, pending resolution of their bankruptcy proceedings. Docs. 6; 7; 10. Corporate Defendants have not yet answered the complaint.

## II. MOTION TO DISMISS

BB&T has moved to voluntarily dismiss without prejudice Individual Defendants. Doc. 16. Because none of the Defendants have filed an answer, this action may be dismissed without a court order. FED. R. CIV. P. 41(a)(1)(A)(i). Accordingly, BB&T's motion (Doc. 16) is **GRANTED**. *See Joe Hand Promotions, Inc. v. Ganser Perez EL 33, L.L.C.*, 2014 WL 12586372, at *1 (W.D. Tex. July 25, 2014) (granting motion to dismiss without prejudice as to some defendants and granting default judgment against remaining defendants)

## III. MOTION FOR DEFAULT JUDGMENT

BB&T has also moved for default judgment against Corporate Defendants. Doc. 14. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court must enter a party's default if that party's failure to plead or otherwise defend an action against it "is shown by affidavit or otherwise." After default has been entered, the Clerk may enter a default judgment on the plaintiff's request if the claim "is for a sum certain or a sum that can be made certain by computation," as long as the defendant is not a minor or incompetent and has not made an appearance. FED. R. CIV. P. 55(b)(1). In all other cases, the plaintiff must apply to the Court for a default judgment. FED. R. CIV. P. 55(b)(2). The Court must hold an evidentiary hearing to determine damages unless all the essential evidence is already on the record. *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("We have held that no such hearing is required where all essential evidence is already of record."); *see also* FED. R. CIV. P. 55(b)(2) ("The court

*may* conduct hearings. . . ." (emphasis added)). Because Corporate Defendants failed to answer the complaint before June 18 or 20, 2019,[2] the Clerk entered default against them. Doc. 13; FED. R. CIV. P. 12.

After the Clerk's entry of default, a defendant is deemed to admit all well-pleaded factual allegations in the complaint. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3] An entry of default against the defendant does not establish that the plaintiff is entitled to a default judgment, however. The defendant is not deemed to admit (1) facts that are not well-pleaded or (2) conclusions of law. *Id.*

> The Court must consider whether the unchallenged facts constitute a legitimate cause of action, since the party in default does not admit a mere conclusion of law. In considering any default judgment, the Court must consider (1) jurisdiction, (2) liability, and (3) damages.

*Johnson v. Rammage*, 2007 WL 2276847, at *1 (M.D. Ga. Aug. 7, 2007) (citing *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004)).

The factual allegations in BB&T's complaint and the attached documents establish that BB&T is a corporation with citizenship in North Carolina, the Corporate Defendants are corporations or individuals with citizenship in Georgia, and the amount in controversy is more than $75,000. Doc. 1. ¶¶ 1−15, 17. Further, the Court has personal jurisdiction over all Corporate Defendants, who are corporations in Macon, Georgia and were served there. *Id.* ¶¶ 1−15; Docs. 4-1; 4-2; 4-3; 4-4; 5-1; 5-2; 5-3.

---

[2] Anayo Umerah, M.D., P.C., was served May 30, 2019, and all other Corporate Defendants were served May 28. Docs. 4-1; 4-2; 4-3; 4-4.

[3] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

The factual allegations also establish the following: On June 2, 2015, Women's Health Institute took out a loan from BB&T and signed a loan agreement, and ELO, Haremu Holdings, Anayo Umerah, M.D., P.C., Anayo Umerah, Nnaemeka Umerah, and Stella Umerah signed separate guaranty agreements that "unconditionally" guaranteed repayment "of any and all indebtedness of Women's Health Institute to BB&T, including the Loan." Docs. 1 ¶¶ 18, 20, 27, 29, 31, 32, 34, 36; 1-2; 1-5; 1-6; 1-7; 1-8; 1-9. In July, Women's Health Institute renewed and amended the loan, increasing the amount. Docs. 1 ¶¶ 21, 25; 1-3; 1-4. The Defendants have since repaid only a small fraction of the loan and interest to BB&T and defaulted on the note, and Individual Defendants have filed for bankruptcy, leaving Corporate Defendants fully responsible for the remainder of the promissory note, plus interest and attorney's fees. Docs. 1 ¶¶ 39, 42, 45, 46; 1-2; 1-3; 1-4; 1-5; 1-6; 1-7; 1-8; 1-9; 1-10; 1-11; 7.

In an action to recover amounts due on promissory notes under Georgia law, a plaintiff is entitled to judgment as a matter of law if the record shows that the promissory notes were executed by the defendants and that the defendants are in default, unless the defendants produce or point to evidence in the record establishing an affirmative defense. *Secured Realty Inv. v. Bank of N. Ga.*, 314 Ga. App. 628, 629, 725 S.E.2d 336, 338 (2012); *see Collins v. Regions Bank*, 282 Ga. App. 725, 726, 639 S.E.2d 626, 627 (2006). BB&T has shown that the promissory note was executed by all Corporate Defendants and that all Corporate Defendants are in default. Docs. 14-1; 14-2; 14-3; 14-4; 14-5; 14-7. Additionally, Corporate Defendants have not attempted to establish an affirmative defense. Furthermore, under Georgia law, a guarantor and the principal are jointly and severally liable for the debt. *See* O.C.G.A. § 10-7-1; *McCorvey Grading*

*& Pipeline, Inc. v. Blalock Oil Co.*, 268 Ga. App. 795, 796, 602 S.E.2d 842, 844 (2004) (citation omitted). Accordingly, BB&T's motion for default judgment against Corporate Defendants (Doc. 14) is **GRANTED**.

## IV. DAMAGES

### A. Promissory Notes

When entering default judgment, the defendant is not deemed to admit the plaintiff's allegations relating to the amount of damages. *Patray v. Nw. Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996); *see Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters. . . ."). In the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

On June 2, 2015, Women's Health Institute took out a $500,000 loan from BB&T, with ELO, Haremu Holdings, and Anayo Umerah, M.D., P.C., signing as guarantors. Docs. 14-1 ¶¶ 3−4; 14-2; 14-3. In July, Women's Health Institute renewed and amended the loan, increasing the principal amount to $564,249.60, with the remaining Corporate Defendants, again, agreeing to guarantee repayment. Docs. 14-1 ¶¶ 5−7; 14-4; 14-5. In the event that the loan agreement is placed with an attorney for collection, the Defendants agreed to pay, in addition to principal, interest, and late fees, attorney's fees equal to fifteen percent of the total principal and interest. Doc. 14-4 at 4−5. The Defendants have since paid a total of only $20,000 to BB&T and defaulted on the note, and Corporate Defendants are now fully responsible for the remainder of the promissory note, plus interest and attorney's fees. Docs. 7; 14-1 ¶¶ 8−9, 12; 14-6; 14-7.

The monetary damages sought by BB&T consist of the loan principal, interest, additional per diem interest, post-judgment interest, and attorney's fees, which are expressly contemplated in the loan agreement. Docs. 1 at 16; 14-4. BB&T's Assistant Vice President La'Torrie Williams provided an affidavit and exhibits outlining the following damages:

| | |
|---|---|
| Principal | $549,199.72 |
| Interest through 4/3/19 | $15,392.05 |
| Interest from 4/4/19−11/7/19 | $16,552.27 |
| Per Diem Interest after 11/7/19 | $72.27773 |
| Attorney's Fees | 15% of principal and interest owing |

Doc. 14-1 ¶ 17. As of March 26, 2020, the date judgment is entered, additional interest totaling $10,118.88 is due (140 days x $72.27773). Accordingly, the total amount of damages, excluding attorney's fees and post-judgment interest, that BB&T is entitled to is $591,262.92.

**B. Attorney's Fees**

Under Georgia law, contract provisions authorizing recovery of attorney's fees by a prevailing party are enforceable, so long as the amount does not exceed fifteen percent of the principal and interest owed. O.C.G.A. § 13-11(a). Because the loan agreement expressly provided for fifteen percent of the principal and interest, that amount is recoverable. Doc. 14-4 at 4−5. Accordingly, BB&T is entitled to attorney's fees that are fifteen percent of $591,262.92, which is $88,689.44.

## V. CONCLUSION

For the foregoing reasons, BB&T's motion to dismiss Individual Defendants (Doc. 16) and motion for default judgment (Doc. 14) are **GRANTED**. Accordingly, Corporate Defendants are **ORDERED** to pay BB&T **$679,952.36**, plus post-judgment interest as provided by law.

**SO ORDERED**, this 26th day of March, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
